| | |
|---|---|
| 1 | Derek Newman, State Bar No. 190467 |
| 2 | *derek@newmanlaw.com* |
|   | Peri-Elle Cabagnot, State Bar No. 301784 |
| 3 | *peri-elle@newmanlaw.com* |
|   | NEWMAN DU WORS LLP |
| 4 | 100 Wilshire Boulevard, Suite 940 |
| 5 | Santa Monica, CA 90401 |
|   | Telephone: (310) 359-8200 |
| 6 | Facsimile: (310) 359-8190 |
| 7 | |
|   | Attorneys for Plaintiff |
| 8 | KRISTEN PIERSON |

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| KRISTEN PIERSON, an individual, | Case No. 2:16-cv-3564 |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | |
| TICKETFLY, LLC, a Delaware Corporation, and DOES 1-5; | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Kristen Pierson, ("Pierson" or "Plaintiff") hereby alleges for her complaint against Ticketfly, LLC ("Ticketfly") upon personal information as to Plaintiff's own activities, and upon information and belief as to the activities of others, as follows:

## I.   NATURE OF THE ACTION

1. This is a claim for copyright infringement arising under the copyright laws of the United States, Title 17 of the United States Code

## II.   JURISDICTION AND VENUE

2. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Ticketfly because it conducts substantial business in the State of California and in this judicial district.

4. The claims alleged in this Complaint arise in the State of California and the Central District of California and elsewhere.

5. Venue is appropriate pursuant to 28 U.S.C. § 1391(b)(1)–(3).

## III.   PARTIES

6. Plaintiff is an individual and resident of Rhode Island.

7. Upon information and belief, Ticketfly is a Delaware corporation registered to do business in California.

## IV.   FACTS

**A.   Pierson created copyrightable photographs and registered them with the U.S. Copyright Office.**

8. Pierson is an award-winning photographer who specializes in event and live-music photography.

9. Pierson's business is based on licensing and selling photographs she creates. Pierson's photographs are currently available through her website and on commission. She regularly licenses her images to musicians, music studios, and music promoters, as well as to magazines and other media. Pierson's work has been featured in Rolling Stone, MSN, and the Alternative Press, among numerous other media.

10. Pierson owns all rights to an image of the band Lotus Land ("Infringing Image"). She registered the Infringing Image with the U.S. Copyright Office and has Copyright Registration No. # VA 1-849-561 (January 9, 2013). A copy of Pierson's copyright registration is attached as Exhibit A.

**B. Ticketfly failed to remove the Infringing Image from its website and server despite notice from Pierson.**

11. Ticketfly is an event ticketing company that sells tickets on behalf of venues, promoters, and festivals across the United States. To promote its business, Ticketfly maintains a website located at <cdn.ticketfly.com>.

12. On or around March 2016, Pierson discovered that the Infringing Image was displayed on Ticketfly's website without license or permission ("Infringing Uses"). Attached as Exhibit B are screenshots of the Infringing Uses.

13. Ticketfly has registered an agent with the United States Copyright Office for receipt of Digital Millennium Copyright Act ("DMCA") notices.

14. On March 14, 15, 16, and 25, 2016, Pierson sent notices to Ticketfly's designated agent regarding the Infringing Uses. Pierson's notices are attached as Exhibit C.

15. On information and belief, Ticketfly can remove the Infringing Uses that are hosted on Ticketfly's website.

16. Pierson never authorized the Infringing Uses.

17. Ticketfly has not removed or disabled access to the Infringing Uses.

## V. CAUSE OF ACTION
### DIRECT OR IN THE ALTERNATIVE CONTRIBUTORY COPYRIGHT INFRINGEMENT

18. Pierson hereby incorporates Paragraphs 1-17 by reference.

19. Pierson is, and at all relevant times has been, the owner of the copyright in the Infringing Image.

20. The Infringing Image is copyrightable subject matter under 17 U.S.C. §

102(a)(5).

21. Pierson has complied in all respects with the provisions of the Copyright Act and all regulations thereunder.

22. Pierson registered the copyright in the Infringing Image with the United States Copyright Office and has Copyright Registration No. # VA 1-849-561 (January 9, 2013).

23. Pierson has the exclusive rights under 17 U.S.C. § 106 to (1) reproduce the Infringing Image, (2) prepare derivative works based on the Infringing Image, (3) distribute copies of the Infringing Image, and (4) display the Infringing Image publicly.

24. Without the permission or consent of Pierson, the Infringing Image was reproduced, derivative works were made from it, copies were distributed of it, and it was displayed on Ticketfly's website.

25. Pierson's exclusive rights in the Infringing Image were violated.

26. Ticketfly induced, caused, or materially contributed to the Infringing Uses.

27. Ticketfly had actual knowledge of the Infringing Uses. Pierson provided notice to Ticketfly in compliance with the DMCA, and Ticketfly failed to expeditiously disable access to or remove the Infringing Uses.

28. Ticketfly acted willfully.

29. Alternatively, Ticketfly directly infringed Pierson's copyrights by continuing to allow public access to the Infringing Uses on Ticketfly's server or on servers controlled by Ticketfly, or through access controlled by Ticketfly to servers controlled by third parties.

## VI.   RELIEF REQUESTED

WHEREFORE, Pierson asks this Court to enter judgment against Ticketfly and Ticketfly's subsidiaries, affiliates, agents, employees, and all persons acting in concert or participation with them, granting the following relief:

1. Temporary and permanent injunctions preventing and restraining infringement of the Infringing Image and Copyright Registration No. # VA 1-849-561

1  (January 9, 2013) by Ticketfly under 17 U.S.C. § 502;

2      2. An order requiring the destruction of all copies made by or under the control of Ticketfly of the Infringing Image and all articles by which such copies may be reproduced under 17 U.S.C. § 503;

3      3. An award of the actual damages suffered by Pierson as the result of Ticketfly's infringement plus the profits of Ticketfly attributable to the infringement under 17 U.S.C. § 504(b);

4      4. Alternatively, if Pierson so elects, an award of statutory damages for each infringement under 17 U.S.C. § 504;

5      5. A judgment that Ticketfly's infringement was willful and an increased statutory damage award under 17 U.S.C. § 504(c)(2);

6      6. An award of Plaintiff's full costs including a reasonable attorney's fee under 17 U.S.C. § 505; and

7      7. For such other and further relief as may be just and proper under the circumstances.

Dated this 23rd day of May, 2016.

Respectfully Submitted,

**NEWMAN DU WORS LLP**

By: *Peri-Elle Cabagnot*
Derek Newman, State Bar No. 190467
*derek@newmanlaw.com*
Peri-Elle Cabagnot, State Bar No. 301784
*peri-elle@newmanlaw.com*

Attorneys for Plaintiff
KRISTEN PIERSON

# JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff Kristen Pierson demands a trial by jury of all issues presented in this complaint which are triable by jury.

Dated this 23rd day of May, 2016.

Respectfully Submitted,

**NEWMAN DU WORS LLP**

By: *Peri-Elle Cabagnot*
Derek Newman, State Bar No. 190467
*derek@newmanlaw.com*
Peri-Elle Cabagnot, State Bar No. 301784
*peri-elle@newmanlaw.com*

Attorneys for Plaintiff
KRISTEN PIERSON